United States District Court
Southern District of Texas
**ENTERED**
November 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE RICHARDSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-43 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the Stevenson Unit in Cuero, Texas. Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on June 9, 2020 challenging a disciplinary conviction for fighting at the Wayne Scott Unit in Angleton, Texas. (D.E. 1, Page 5 and D.E. 13, Page 5). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

Respondent has filed a Motion for Summary Judgment asserting Petitioner fails to state a cognizable claim for federal habeas corpus relief because he did not lose any good time credit. (D.E. 22). For the reasons stated below, it is recommended that the Court **GRANT** Respondent's Motion for Summary Judgment and **DISMISS** Petitioner's claim for habeas corpus relief. It is further recommended that the Court **DENY** a Certificate of Appealability.

## I.      JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner, at the time of filing, was incarcerated in DeWitt County, Texas, which is within the Victoria Division of the Southern District of Texas. 28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.     ANTITERRORISM AND EFFECTIVE DEATH PENATLY ACT OF 1996 ("AEDPA")  28 U.S.C. §2254

Federal habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson* 507 U.S. 619, 633-34 (1993). Therefore, Petitioner must establish a constitutional violation to state a claim for federal habeas corpus relief.

## III.    DISCUSSION

Petitioner's September 3, 2019 disciplinary conviction resulted in a reduction in line class status from S3 to S4, a loss of 45 days recreation time and a loss of 50 days commissary privileges.  (D.E. 13, Page 5 and D.E. 21-1, Page 3).  Each of these sanctions is a change in the condition of Petitioner's confinement.  The Due Process Clause does not protect every adverse change in the condition of confinement. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).  Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

As such, phone privileges, recreation limitations, and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000).

To the extent Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id.* Sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit).

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may only be taken to the Court of Appeals from a final order in a habeas corpus proceeding if "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a

petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed.  *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a COA.

## V.     RECOMMENDATION

Based on the foregoing, it is recommended that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 22) and **DISMISS** Petitioner's claim for habeas corpus relief.    It is further recommended that the Court **DENY** a Certificate of Appealability.

Respectfully submitted this 24th day of November 2020.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).