UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **STEPHEN WAYNE RICHARDSON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:20-cv-00043 |
| | § | |
| **LORIE DAVIS; D. COIV OYELUYI; LT. WEATHERSPOON; CAPT. ADAWAY; WARDEN T. POWELL; and BOBBY LUMPKIN,** | § § § § | |
| | § | |
| Respondents. | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby on November 24, 2020. (Dkt. No. 24). In the M&R, Magistrate Judge Libby recommended granting Respondent Lorie Davis's Motion for Summary Judgment, (Dkt. No. 22) and dismissing Petitioner Stephen Wayne Richardson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).

Richardson was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); General Order No. 2002-13. The deadline for Richardson to file objections was fourteen days after being served with a copy of the M&R. 28 U.S.C. § 636(b)(1). As such, Magistrate Judge Libby noted that Richardson had until December 18, 2020 to file his objections. (Dkt. No. 26). Richardson failed to file any objections. As a result, Richardson forfeited his right to this Court's review.[1] *See* 28 U.S.C. § 636(b)(1)(C);

---

[1] The Court notes that the comment to Rule 72 of the Federal Rules of Civil Procedure suggests that a court must review a magistrate's report and recommendation for "clear error" when no proper objection is made. FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition. But that same

(continue)

*Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *McGill v. Goff*, 17 F.3d 729, 732 (5th Cir. 1994), *overruled on other grounds*, *Kansas Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1373–74 (5th Cir. 1994); *Scott v. Alford*, 62 F.3d 395, 1995 WL450216, at *2 (5th Cir. 1995) (unpublished). Nevertheless, the Court has reviewed the pleadings, the record, and the applicable law, and is satisfied that no clear error appears.

Accordingly, the M&R is **ACCEPTED** as this Court's Memorandum and Order, and Respondent's Motion for Summary Judgment is **GRANTED**. Moreover, Richardson is **DENIED** a Certificate of Appealability.

It is SO ORDERED.

---

advisory comment states that Rule 72 is inapplicable in the habeas corpus context. *See id.* ("This rule does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007) (finding that Rule 72(b) "is inapplicable to habeas corpus cases" (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition)); *U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1011 n.1 (7th Cir. 1987) (finding that Rule 72(b) "does not apply to habeas corpus actions" (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition)); *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1449 (9th Cir. 1989) ("Rule 72(b) does not apply to habeas corpus petitions filed under 28 U.S.C. § 2254."). Rather, Rule 8 of the rules governing AEDPA cases provides instructions on the timely filing of objections which in relevant part mirror 28 U.S.C. § 636(b)(1)(C). *Compare* Rule 8, Rules Governing Section 2254 Cases ("Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."), *with* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Thus, this Court considers only Rule 8 and § 636(b)(1)(C) in weighing the effect of a failure to timely object to an M&R.

SIGNED this May 24, 2021.

                                                  **DREW B. TIPTON**
                                       **UNITED STATES DISTRICT JUDGE**